IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANGEL CLOKEY, et al.,

        Plaintiffs,                           No. CIV S-08-2239 MCE EFB

    vs.

COUNTY OF SACRAMENTO, et al.,

        Defendants.                     <u>ORDER</u>

                                          /

      On October 14, 2009, the court heard defendants' motion for a protective order specifying that the location for the deposition of any of the defendants be Sacramento, California. The motion was filed by defendants City of Sacramento, Joseph Voska, Nick Tavelli, Ryan Oliver, Mark Purkeypile, and Lee Yonemura (the "City defendants"), and was joined by defendants County of Sacramento, Debra Larson, Anthony Tran, Ruth Herbert, Jennifer Cullivan, Sally Henry, Jacqueline L. Jones, and Chris Gary (the "County defendants"). Dckt. Nos. 30, 31. At the hearing, attorney Dennis Ingols appeared on behalf of plaintiffs; attorney Sheri Chapman appeared on behalf of the City defendants; and attorney Jeri Pappone appeared on behalf of the County defendants.

      Defendants' motion seeks a protective order specifying that any depositions of defendants are to occur in Sacramento, California, where defendants are employed, where

1

plaintiffs reside, and where the incident is alleged to have occurred. Dckt. No. 33 at 2. The City defendants state that they filed the motion after plaintiffs noticed the depositions of several City defendants in Walnut Creek, California, which is located in the Northern District of California, because the location for the depositions will cause defendants undue burden and expense. Dckt. No. 30. Plaintiffs have since agreed to hold the depositions in Tracy, California. Dckt. No. 34, ¶ 5. The City defendants argue that the balancing of hardships weighs in their favor because, even though plaintiffs' counsel would have to travel to Sacramento from San Jose, California for the depositions if defendants' motion is granted, each deponent, as well as counsel for the City and the County, would have to travel at least an hour each way to attend depositions in Walnut Creek or Tracy. Dckt. Nos. 33 at 3, 34 ¶ 6. According to the City defendants, the City defendant police officers "already work long work shifts, ten hours or more, and asking them to travel before or after their work shift is unreasonable"; and scheduling the depositions outside of Sacramento "would only serve to increase the public cost associated with the depositions, as the City would be obliged to pay additional overtime to the officers to travel to and from their depositions, or to have another officer cover the deponent officer's shift during their travel to and from the depositions." Dckt. No. 33 at 3.

The County defendants joined the City defendants' motion "[i]n anticipation of Plaintiffs noticing depositions of the County Defendants outside of the City and/or County of Sacramento." Dckt. No. 31 at 1. The County defendants assert that they "did not ask to be sued, and Plaintiffs and their counsel have filed this action where all parties reside and/or work and where the alleged events complained of occurred. There is no reason to require everyone else except Plaintiffs' counsel to travel unnecessarily in order to accommodate Plaintiffs' counsel's convenience." *Id.* at 2. According to the County defendants, "there is no basis to place the burden and expense on these two public entities and their 12 named employees in order to permit Plaintiffs' counsel to have the depositions on his home turf and not have to travel himself." *Id.*
////

Plaintiffs oppose the motion, arguing that the Federal Rules of Civil Procedure do not require the depositions to be held in Sacramento and that it would be more burdensome for plaintiffs' counsel to travel to Sacramento for all of defendants' depositions than it would be for defendants to travel to Walnut Creek or Tracy. Dckt. No. 35-2. Plaintiffs note that they have offered to move the depositions from Walnut Creek to Tracy, which is within the Eastern District of California and within 75 miles of the Defendant-deponents' business addresses, and that defendants may take the depositions of plaintiffs and all lay third party witnesses in the Sacramento area "without argument from Plaintiff[s]." *Id.* at 2.

Federal Rule of Civil Procedure 26(c)(1) provides that "for good cause, [the court may] issue an order to protect a party or person from . . . undue burden or expense, . . . specifying terms, including time and place, for the disclosure or discovery." Usually, a party seeking discovery may set the place where the deposition will take place, subject to the power of the courts to grant a protective order designating a different location. *Turner v. Prudential Ins. Co. of Am.*, 119 F.R.D. 381, 383 (M.D.N.C. Mar. 18, 1988); *Phila. Indem. Ins. Co. v. Fed. Ins. Co.*, 215 F.R.D. 492 (E.D. Pa. 2003). "The Court has considerable discretion in determining the place of a deposition, may consider the relative expenses of the parties and may order that expenses be paid by the opposing party." *James Brooks Co. v. Certain Underwriters at Lloyd's London*, 2006 WL 2168195, at *3 (E.D. Cal. July 31, 2006).

"In making its order, the court considers convenience of the parties and relative hardships in attending at the location designated. Only 'undue burden or expense' provides a potential basis for relief from legitimate discovery demands." *Willis v. Mullins*, 2006 WL 894922, at *2 (E.D. Cal. Apr. 4, 2006) (citing *United States v. $160,066.98 from Bank of America*, 202 F.R.D. 624, 626 (S.D. Cal. 2001)). "'Undue' burden requires parties to show more than expense or difficulty." *Willis*, 2006 WL 894922, at *2.

Here, although traveling to Walnut Creek or Tracy for their depositions will certainly impose some burden and expense on defendants, defendants have not shown that there is good

cause to require the depositions to be held in Sacramento or that requiring defendants to travel to Walnut Creek or Tracy is *unduly* burdensome or expensive. *See, e.g.*, *Cadent Ltd. v. 3M Unitek Corp.*, 232 F.R.D. 625, 629 (C.D. Cal. Sept. 21, 2005) ("Since plaintiff has the burden under Rule 26(c) to show good cause for the issuance of a protective order requiring the depositions not be held . . . where they were noticed, and it has presented absolutely no evidence showing a specific and particular need for such protective order, its request is without merit."). Even though defendants and their counsel are located in Sacramento and the alleged incident occurred in Sacramento, plaintiffs have offered to hold the depositions in Tracy, which is in the Eastern District of California, and which is close to halfway between Sacramento and plaintiffs' counsel's offices in San Jose. Additionally, plaintiffs have agreed not to object to the defendants deposing plaintiffs and all lay third party witnesses in Sacramento.[1]

After considering the relative burdens and expenses of the parties, the court indicated at the October 14, 2009 hearing an intention to order that the depositions of defendants alternate between San Jose and Sacramento. However, counsel for the City defendants stated at the hearing a preference that all of her clients' depositions be held in Tracy rather than the alternating schedule the court was contemplating. In light of this representation, and because allowing defendants to be deposed in Tracy – which requires both sides to travel relatively equal distances for those depositions – is a fair and equitable resolution, IT IS ORDERED that, absent court approval or an agreement from the party to be deposed, any depositions of defendants shall be conducted in Tracy, California.

SO ORDERED.

DATED: October 19, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[1] At the October 14, 2009 hearing, the court confirmed that defendants may notice their depositions of plaintiffs or any third party witnesses in Sacramento without objection by plaintiffs.